**Basil STEWART, et al.,**
**Plaintiffs–Appellants,**

v.

**DOW CHEMICAL CO.,**
**Defendant–Appellee.**

**No. 87–2223.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 7, 1988.

Decided Jan. 11, 1989.

Jules B. Olsman, Woll, Crowley, Berman & Olsman, Royal Oak, Mich., Robert Sedler (argued), Detroit, Mich., for plaintiffs-appellants.

Joseph J. Ortego, Rivkin, Radler, Dunne & Bayh, Uniondale, N.Y., Michael H. Whiting, Stark, Reagan & Finnerty, Troy, Mich., Michael A. Makulski (argued), Dow Chemical Co., Midland, Mich., for defendant-appellee.

Before WELLFORD and BOGGS, Circuit Judges, and SIMPSON, District Judge.*

BOGGS, Circuit Judge.

Stewart and the other plaintiffs appeal from a dismissal of their product liability claims based on the doctrine of *forum non conveniens*. He, along with the other plaintiffs in this action, are citizens of New Brunswick,\Canada, who sued Dow Chemical, Co. (Dow), a Michigan corporation, in a federal district court in Michigan. Dow moved to dismiss on a number of grounds, including that of *forum non conveniens*, claiming that New Brunswick's interest in this case, as well as the alleged location of most of the evidence in the case, mandated that the suit be heard in New Brunswick. The trial judge agreed, and we affirm.

## I

Stewart, et al. (hereinafter "Stewart"), complain that while they or members of their families were employed by the New Brunswick Electric Power Commission between 1955 and 1966, they suffered injuries from exposure to toxic herbicides manufactured by Dow at its Midland, Michigan plant. Stewart claims that the injuries complained of were a direct result of exposure to the herbicide contaminated with a substance known as 2,3,7,8–Tetrachlorodibenzo–P–Dioxin (dioxin). Stewart's complaint was filed on January 2, 1987.

Upon receipt of Stewart's complaint, Dow moved to dismiss alleging that: 1) co-defendant Dow Chemical Canada, Inc. (Dow Canada) was an indispensible party to the suit, but that the presence of Dow Canada in the suit defeated diversity jurisdiction; and 2) the doctrine of *forum non conveniens* mandated dismissal because the suit should have been brought in a Canadian court. Stewart was allowed to amend his complaint, removing Dow Canada as a party to maintain diversity, after a finding by a magistrate that Dow Canada was not an indispensible party. The magistrate also recommended that the case be dismissed on grounds of *forum non conveniens*.

The trial judge adopted the magistrate's recommendations with one exception noted below and dismissed the suit on grounds of *forum non conveniens*, finding that the Canadian courts would afford an adequate alternate forum. He conditioned the dismissal on the following events: 1) that Dow stipulate that it would accept Canadian jurisdiction and service of process; 2) that Dow waive any statute of limitations defense; 3) that Dow make all of the witnesses under its control available to testify in Canada; 4) that Dow allow discovery in the Canadian court of any materials which

* The Honorable Charles R. Simpson, III, United States District Judge for the Western District of Kentucky, sitting by designation.

would be available under the Federal Rules of Civil Procedure in a United States Court; and 5) that Dow pay any judgment rendered by a Canadian court, subject to its right to appeal under Canadian law. Dow filed its stipulation to these conditions on November 17, 1987, and the trial court entered its dismissal order on that date.

Stewart claims that the alleged exposure took place in New Brunswick, and that the manufacture of the herbicide took place in Midland, Michigan, where the majority of Dow's corporate officials and scientists are now located. Dow contends that the design and manufacture of the actual herbicide occurred in Canada, and was not performed by Dow. Dow states in its brief that although Dow and several other companies may have supplied Canadian manufacturers with a component of the subject herbicide, the manufacturers processed the component and shipped it to other Canadian companies that made the final product in Canada.

The herbicide in question is alleged to contain dioxin; Stewart alleges that, as a result of continued and direct exposure to the herbicide, he and the other plaintiffs suffered injuries ranging from cancer to neurological and gastrointestinal disorders, as well as injuries to the reproductive system resulting in miscarriage and stillbirth. Stewart sues under theories of strict product liability, negligence, breach of implied and express warranties, and failure to warn.

At the time the suit was filed, there was some question as to Dow's amenability to process in a Canadian court; however, Dow's stipulations submitting to Canadian jurisdiction cure that defect, and Canada is now clearly an available alternate jurisdiction.

In making his recommendation, the magistrate did not explicitly find that Michigan was an inconvenient forum. Instead, he weighed the public and private interests involved, finding that the "private interest factors weigh in favor of dismissal while the public interest factors neither militate in favor of dismissal nor retention." Contrary to the magistrate's conclusion that

Michigan law would apply in this case regardless of where it was tried, the trial judge disagreed, finding that Canadian law would apply in either location. While the substance of the law to be applied is neither a factor in, nor determined by, the district court's decision here, we note that both parties appear to believe that Canadian law is more favorable to manufacturers than the laws of Michigan. The trial judge explicitly agreed with this weighing of factors, and agreed to dismiss on grounds of *forum non conveniens.*

II

On appeal, Stewart claims that the doctrine of *forum non conveniens* cannot be invoked to dismiss a case within the diversity jurisdiction of the federal courts under these circumstances. The circumstances Stewart alleges include that the defendant, Dow, is a manufacturer sued in its home state, that it was doubtful at the time of filing that Dow was amenable to suit in Canada, and that all of the acts pertinent to the case occurred during the manufacture and testing of the allegedly dangerous product, which Stewart claims was performed in Michigan. Dow claims that the plaintiffs were damaged, if at all, in New Brunswick, and the hazard, if any, arose in Canada. It further contends that the standard of review in this case is an abuse of discretion standard, and that under that standard, the trial judge cannot be said to have abused his discretion.

A

A trial court's dismissal on the basis of the doctrine of *forum non conveniens* must be upheld in the absence of a clear abuse of discretion. *Kryvicky v. Scandinavian Airlines System,* 807 F.2d 514, 516 (6th Cir.1986); *Watson v. Merrell Dow Pharmaceuticals, Inc.,* 769 F.2d 354, 356 (6th Cir.1985); *Dowling v. Richardson–Merrell, Inc.,* 727 F.2d 608, 616 (6th Cir. 1984). "[W]here the [trial] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Air-*

*craft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

## B

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court set out guidelines for determining when a dismissal on grounds of *forum non conveniens* is appropriate.

[T]he defendant seeking a *forum non conveniens* dismissal must identify an alternative forum. Once the existence of such a forum is established the trial court must consider the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum. Among the important private interest considerations are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of unwilling, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The court must also consider problems of enforcing a judgment if one is obtained and relative advantages and obstacles to a fair trial, if any. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." The Court also identified relevant public interest factors: administrative difficulties of courts with congested dockets; the burden of jury duty on people of a community having no connection with the litigation; desirability of holding a trial near those most affected by it ("There is local interest in having localized controversies decided at home."); appropriateness of holding a trial in a diversity case in a court which is familiar with governing law.

*Dowling,* 727 F.2d at 612 (citing and quoting *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843).

This rule was slightly modified in *Piper.* In *Gilbert,* the two forums involved were different United States forums. 330 U.S. at 503, 67 S.Ct. at 840. In *Piper,* the plaintiffs were foreign, in which case, the Court said, the plaintiffs' choice of forum was entitled to less deference. 454 U.S. at 256, 102 S.Ct. at 266. This is so because it is not the home forum which has been chosen, and so convenience cannot be presumed. *Ibid.*

In evaluating the factors set out in *Gilbert,* it is clear that no one factor is determinative; the "central focus of the ... inquiry is convenience...." *Piper,* 454 U.S. at 249, 102 S.Ct. at 262. "[D]ismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Ibid.* Thus, there is no requirement in *Piper,* as Stewart alleges, that the burden be "oppressive," though surely such would be sufficient. Such a high standard would constitute a misreading of *Piper* and its progeny.

■ In the present case, both the magistrate and the trial judge weighed the interests carefully, disagreeing only on the question of what law would be applied at trial. Each used the results of his determination in weighing the public interests in the case. Despite that difference, both reached the conclusion that dismissal on grounds of *forum non conveniens* was appropriate. Dismissals based on conditions such as those agreed to in this case have been approved by this court more than once in the past. *Dowling,* 727 F.2d at 615; *Watson,* 769 F.2d at 356. We see no error that rises to the level of an abuse of discretion in this case.

In terms of convenience, it appears inevitable that one of the parties will be inconvenienced by having to proceed in a court in a foreign jurisdiction. Both parties seem almost peculiarly willing to do so; the Canadian residents filed in the United States, and the United States corporation seeks to proceed in Canada. Stewart makes no effort to explain his preference for a foreign forum, although Dow claims that evidence essential to its anticipated defense can be found and presented as evidence only in a Canadian forum. Thus, in examining the interests involved, the

inconvenience or costs of travel does not seem to be an issue, as each side strenuously contends for the privilege of bearing them.

The defendant, Dow, did establish that an adequate alternative forum existed. By agreeing to the conditions imposed by the trial judge, Dow has made New Brunswick a perfectly adequate alternative forum. There is no allegation that Canadian law would provide an inadequate remedy, or no remedy at all. Dismissal on grounds of *forum non conveniens* cannot be reversed solely because another forum's laws are more or less favorable to one or the other party. *DeMelo v. Lederle Laboratories*, 801 F.2d 1058, 1063 (8th Cir.1986).

We must next proceed to an examination of the private interests involved in this case. There is a question of fact as to where the herbicide was manufactured; however, there is no question that evidence of design and manufacture is under the control of Dow, which has agreed, as one of the conditions imposed by the trial judge, to allow discovery of any evidence which would be discoverable under the Federal Rules of Civil Procedure, and to make witnesses under its control available to the Canadian court. In fact, Dow claims that the burden of establishing its defense would be an impossible one were the case to proceed in an American court. Further, any evidence as to the nature of the injuries would be located in New Brunswick, as would treating physicians, the site of the injury, and witnesses to the use of the herbicide. Thus, there was no abuse of discretion in finding that the private interests weigh in favor of dismissal on the grounds of *forum non conveniens*.

It is clear that the people of New Brunswick have an interest in this controversy; it is their fellow citizens who were allegedly injured. Thus, in considering the public interests involved here, it cannot be said that New Brunswick has no interest in this controversy. The relevance of the choice of laws consideration is only to determine which forum will be more comfortable applying the applicable law, and which forum can be said to have an interest in having its law applied. We need not resolve any disagreement between the trial judge and the magistrate regarding the choice of laws issue in that both found that, despite differing conclusions on the point, it did not affect the weighing of interests enough to lead to different outcomes.

Here, the alleged injuries occurred in New Brunswick, the allegedly injured parties reside in New Brunswick, and it may be determined that the final stages of manufacture of the herbicide were performed in New Brunswick. At the very least, it is fair to say that the trial court did not abuse its discretion in finding the public interests to weigh in favor of the Canadian forum. Thus, we affirm the trial court's dismissal of this action based on the doctrine of *forum non conveniens*.

### C

Stewart raises for the first time on appeal that the Rules of Decision Act, 28 U.S.C. § 1652, requires that this court reverse the dismissal on grounds of *forum non conveniens*. Because this issue was not raised below, it is not properly before this court on appeal. *Sigmon Fuel Co. v. TVA*, 754 F.2d 162, 164–65 (6th Cir.1985).

We cannot say that the trial court committed an abuse of discretion in dismissing the case on grounds of *forum non conveniens*. Thus, we AFFIRM.