FABER–PLAST GmbH, Plaintiff,

v.

Werner KLEINERT, Defendant.

Civil Action No. 97–40194.

United States District Court,
E.D. Michigan,
Southern Division.

March 4, 1998.

Lawrence M. Dudek, Miller, Canfield, Detroit, MI, for Plaintiff.

Chris M. Parfitt, Schier, Deneweth, Troy, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS

GADOLA, District Judge.

Before the court is a motion by defendant, Werner Kleinert, to dismiss this action on the basis of forum non conveniens. For the reasons set forth below, this court will grant defendant's motion.

### Factual Background

Plaintiff, Faber–Plast GmbH, is a German corporation. Defendant is a United States citizen who maintains residences in both the state of Michigan and the Republic of Germany. Defendant is a founding partner of the plaintiff corporation.

On June 27, 1991, defendant executed a Loss Assumption Guarantee, pursuant to which defendant agreed to make a loan and capital contribution to plaintiff.[1] Defendant also agreed to cover any losses in excess of 1,000,000 DM suffered by plaintiff as a result of operations during 1992 and 1993. In that

---

1. The Loss Assumption Guarantee and the Five Party Agreement (discussed *infra*) were both apparently drafted in Germany but signed by defendant in Michigan.

period, plaintiff did in fact suffer losses in the amount of 24,920,693.42 DM. As a result, defendant became obligated to plaintiff in the amount of 23,920,693.42 DM (or $15,373,-829.66) under the terms of the Loss Assumption Guarantee.

A dispute arose between plaintiff and defendant regarding defendant's alleged obligation, and the parties attempted to resolve the dispute by executing an agreement (the "Five Party Agreement") on December 30, 1993 and January 1, 1994.[2] The Five Party Agreement provided that plaintiff and defendant were to incur certain future obligations to one another, but the Agreement also acted as a release of all claims between them that existed prior to December 31, 1993. Defendant did not perform under the terms of the Five Party Agreement, and a bevy of litigation ensued.

First, plaintiff brought suit in Germany to enforce the original Loss Assumption Guarantee. The German court held that the rights of the parties under the Loss Assumption Guarantee were superseded by the Five Party Agreement, and it dismissed the suit. Second, plaintiff filed suit in Macomb County Circuit Court on December 30, 1996, attempting to enforce its rights under the Loss Assumption Guarantee. Pursuant to a stipulation by the parties, the suit was dismissed without prejudice on July 21, 1997. Third, plaintiff filed the instant action in this court on June 6, 1997 to enforce its rights under the Five Party Agreement. Finally, on June 8, 1997, before being served with the complaint in the instant action, defendant filed a declaratory action in Germany seeking a determination that plaintiff could make no future legal claim related to the Loss Assumption Guarantee.

On September 9, 1997, defendant filed the instant motion to dismiss on the basis of forum non conveniens.

**Discussion**

The parties agree that the standard for dismissal on the basis of forum non conveniens was set forth by the Supreme Court in

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See also Stewart v. Dow Chemical Co.,* 865 F.2d 103 (6th Cir.1989). In *Gilbert,* the Supreme Court held:

[T]he defendant seeking a forum non conveniens dismissal must identify an alternative forum. Once the existence of such a forum is established the trial court must consider the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff as opposed to the available alternative forum.

*Gilbert,* 330 U.S. at 508. As noted by the Supreme Court in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), "[D]ismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." The *Piper* court also noted that the forum choice of a foreign plaintiff, like the plaintiff in this case, is afforded less deference than the forum choice of a domestic plaintiff. *Id.* at 256.

[1] This court notes at the outset that the parties appear to agree that Germany would be an adequate alternate forum. Both parties are currently residents of Germany. Moreover, the parties have engaged, and indeed continue to engage, in litigation in Germany, and a substantial part of the events giving rise to the instant suit occurred in Germany. Accordingly, this court must examine the private and public interest considerations in this case to determine the relative convenience of this forum as opposed to Germany.

**1. The Private Interest Factors**

■ The private interest factors a court must consider in order to determine whether a forum non conveniens dismissal is appropriate include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling wit-

---

**2.** The five parties to sign the agreement were plaintiff; defendant; Norbert Faber, a founding partner and shareholder of plaintiff; W.K. Industries, Inc., a Michigan corporation controlled by defendant; and W.K. Industries, GmbH, a German corporation controlled by defendant.

nesses; possible problems of enforcing a judgment if one is obtained; and all other practical problems that may impede an easy, expeditious and inexpensive trial. *See Gilbert*, 330 U.S. at 508; *Stewart*, 865 F.2d at 106; *Dowling v. Richardson–Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir.1984).

With respect to the private interest considerations, defendant argues primarily that all witnesses (including defendant himself) are residents of Germany and all documentary evidence that would be necessary for proof in this action is currently in Germany. Accordingly, defendant claims that it would be impracticable to obtain access to the relevant witnesses and unduly time-consuming and expensive to obtain documentary evidence. Thus, defendant argues this case should be dismissed and subsequently brought in Germany.

In response, plaintiff makes a number of arguments. First, plaintiff argues that most of the witnesses cited by defendant are either unnecessary to the instant litigation or under the direct control of parties to this case. Accordingly, plaintiff contends that the parties will be able to access all relevant testimony. Plaintiff then cites *R. Maganlal & Co. v. M.G. Chem. Co.*, 942 F.2d 164 (2d Cir.1991), in which the court held that various discovery methods, such as interrogatories and document requests, could alleviate the problems posed by documents located in remote jurisdictions and witnesses beyond the subpoena power of the court. Plaintiff claims that the parties can use these discovery devices to obtain evidence that cannot be obtained through direct testimony. Second, Plaintiff argues that defendant should not be allowed to claim that Michigan is an inconvenient forum because he is a resident of Michigan and operates several businesses here. Finally, plaintiff argues that the majority of defendant's assets are in Michigan, which would mean that even if plaintiff re-

ceived a judgment from a German court, it would be required to ask a Michigan court to enforce the judgment.[3] Such a collateral proceeding would be an inefficient use of judicial resources, and therefore, plaintiff contends that the proceedings should be held in Michigan in the first place.

This court finds that the private interest factors in this case weigh in favor of dismissal. First, while this court may technically be able to compel many of the relevant witnesses in this case to appear because they are under the direct control of the parties, considerations of convenience overwhelmingly suggest that Germany is the more appropriate forum for this action. Requiring the majority of the witnesses in this case to travel around the globe to appear is not an advisable course for this court. In addition, *Maganlal* is distinguishable from this case in that most of the witnesses and evidence relevant to the *Maganlal* case were located in the United States. Given that fact, the court noted that supplementary evidence located outside the United States could be obtained through other discovery means. However, in this case, most of the relevant evidence appears to be located in Germany.[4] The burden of obtaining the evidence in this case is more substantial than the burden on the parties in *Maganlal*.

Second, the fact that defendant is a Michigan resident who conducts business in this state does not necessarily mean that this is the proper forum *for this action*. In *Stewart*, the plaintiffs were a group of Canadian residents who were injured by products of Dow Chemical, a Michigan corporation. The plaintiffs brought suit in district court in Michigan. Though Dow Chemical was clearly subject to jurisdiction in Michigan, the court dismissed the action on the basis of forum non conveniens because the relevant witnesses and medical records were in Canada, and the alleged injuries were sustained in

3. Plaintiff filed a supplemental response directed at defendant's claims that he maintains a residence in Germany, and that he operates a business there. Apparently, plaintiff has investigated these claims and has discovered evidence to suggest that the residence and business are "charades."

4. There is a dispute among the parties over what witnesses and documents will ultimately be relevant for discovery purposes in this case, and how many of them are located in Germany. However, this court is satisfied that a substantial majority of relevant witnesses and documents are located in Germany.

Canada. In the instant case, the contract was drafted in Germany and the parties intended that the contract be performed in Germany. Moreover, the contract concerns the operation of a German corporation. As a result, Germany is the more appropriate forum for this action.

Finally, this court rejects plaintiff's argument that defendant's alleged lack of assets in Germany requires that this suit be maintained in this court. The fact that plaintiff has obtained some evidence to suggest that defendant's claimed assets are illusory by no means proves that defendant indeed has no assets in Germany.[5] Moreover, even if defendant has extremely limited assets in Germany, plaintiff will still ultimately be able to collect on a German judgment in Michigan. Michigan has adopted the Uniform Foreign Money–Judgments Recognition Act, which provides, in relevant part:

> a foreign judgment ... is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit.

Mich. Comp. Laws § 691.1153. While this court should certainly consider the potential inefficiency of requiring plaintiff to institute a collateral proceeding to collect on a judgment, in this case, such a consideration does not outweigh the other private interest factors that indicate dismissal would be proper.

Accordingly, this court finds that the private interest factors weigh in favor of dismissing this action on grounds of forum non conveniens.

### 2. The Public Interest Factors

■ The public interest factors this court must consider in determining whether a forum non conveniens dismissal is appropriate include administrative difficulties of courts with congested dockets; the burden of jury duty on people of a community having no connection with the litigation; desirability of holding a trial near those most affected by it;

and appropriateness of holding a trial in a diversity case in a court which is familiar with governing law. See Gilbert, 330 U.S. at 508; Stewart, 865 F.2d at 106; Dowling, 727 F.2d at 612.

Again, defendant contends that the contract at issue in this case was drafted in Germany, and the parties contemplated that it would be performed in Germany. As a result, defendant contends that this litigation holds no real connection with this jurisdiction. Therefore, the people of this community would be potentially burdened with jury duty in a case with which they have no real connection and German courts would be deprived of the opportunity to decide a matter which affects them more directly. It is apparently not in dispute that German law governs the interpretation of this contract. That fact suggests even more strongly that a German court, obviously more familiar with German law than this court, should decide this case.

In response, Plaintiff argues that the fact that German law should govern the instant case does not necessarily mean that this court should dismiss this case in favor of its being brought in a German court. Plaintiff argues that the contract in this case is relatively uncomplicated, and that the effect of German law on this transaction could be appropriately adduced through expert testimony. Plaintiff again cites to *Maganlal* in which the Second Circuit retained jurisdiction over a breach of contract case even though the contract at issue was to be interpreted under Indian law. Plaintiff urges this court to retain jurisdiction over this case because this court is competent to address the issues raised under German law.

This court finds that the public interest factors also weigh in favor of a forum non conveniens dismissal. First, this court does not accept the hollow assurance of plaintiff that this action presents an "easy" case of contract interpretation under German law. In his reply brief, defendant cites to a number of German business code sections in a preview of his defense to the underlying claims in this suit. From these submissions,

---

5. In fact, defendant's counsel claimed at oral argument that W.K. Industries, defendant's German corporation, earned approximately $3 million in sales last year.

it appears that the question of contract interpretation under German law may in fact be quite complex. Under such circumstances, it is advisable to allow a German court to decide the issues presented here, especially considering the fact that most of the events giving rise to the claim occurred in Germany. Moreover, *Maganlal* is distinguishable from the instant case in that the question before the court was primarily a question of fact as opposed to a question of law. In *Maganlal,* the Second Circuit noted that the issue presented by the case was whether the goods delivered by the defendant conformed to the specifications listed in the contract. In the case before this court, the issues appear to involve an interpretation of defendant's obligations under the Five Party Agreement in light of his responsibilities as a shareholder under the German corporation laws. This is a question of law, not of fact, and as such should be decided by a German court.

Finally, there is no reason to burden the docket of this court, or this court's jurors, with a case with such minimal local connection. *See H.K. Enter., Inc. v. Royal Int'l Ins. Holdings, Ltd.,* 766 F.Supp. 581, 584 (N.D.Ohio 1991). This case involves events in Germany and questions of German law. As a result, it should be decided by a German court.

Accordingly, this court finds that the public interest factors also weigh in favor of a forum non conveniens dismissal.

Because both the private and public interest factors weigh in favor of dismissal, this court will dismiss this action on the basis of forum non conveniens.

Therefore, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss on grounds of forum non conveniens is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's June 6, 1997 complaint is **DISMISSED without prejudice.**

**SO ORDERED.**