RUSTAL TRADING US, INC.,
Plaintiff–Appellant,

v.

Tarek MAKKI, also known as Tarek Homed Nahme Makki, also known as Tarek Mackie; Kazim Ebrahim; Mohamed Nameh Makki; Ahmed Makki, Hala Makki; Izat Hijazi; Ahmed Shamel; Hassan Fakkih; M.A. Turay; Manal Makki, Defendants–Appellees.

No. 00–1513.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

## OPINION

COLE, Circuit Judge.

Plaintiff-appellant Rustal Trading US, Inc. ("Rustal") appeals from the district court's dismissal of this diversity action on forum non conveniens grounds. For the reasons set forth below, we AFFIRM the district court's decision.

## I. BACKGROUND

Rustal is a Texas corporate subsidiary of Rustal Trading, Ltd. ("Rustal Ireland"), an Irish corporation with offices in Geneva, Switzerland and Conakry, Guinea. Rustal Ireland is primarily engaged in the transportation and sale of Asian rice to various international markets, including West Africa. In 1997, Rustal Ireland hired defendants Tarek Makki and Kazim Ebrahim to conduct the company's operations in Freetown, Sierra Leone.[1] In the fall of 1997, Rustal sent two shipments of Vietnamese rice to Makki and Ebrahim for sale in Sierra Leone. Rustal alleges that Makki and Ebrahim, acting in concert with other defendants, illegally converted approximately $2 million of the proceeds from the sale of this rice.

In June 1998, Rustal filed the instant diversity action against defendants Tarek Makki, Kazim Ebrahim, Mohamed Nameh Makki, Ahmed Makki, Hala Makki, Izat Hijazi, Ahmed Shamel, Hassan Fakkih, M.A. Turray, and Manal Makki in the United States District Court for the Northern District of Texas, raising claims of conversion, fraud, money-had-and-received, breach of fiduciary duty, breach of contract, and conspiracy. On December 14, 1998, defendants-appellees Tarek Makki, Mohamed Nameh Makki,[2] Ahmed Makki, Halla Makki, and Manal Makki (collectively, the "Makki defendants") appeared through counsel for the sole purpose of contesting personal jurisdiction, venue, and service of process. On January 26, 1999, the district court in Texas trans-

---

* The Honorable Karl S. Forester, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

1. Sierra Leone is a West African nation of approximately 5.2 million people. It is bordered by the North Atlantic Ocean to the southwest, Guinea to the north, and Liberia to the southeast. The capital of Sierra Leone is Freetown. *See* CIA WORLD FACTBOOK 2000, SIERRA LEONE, *available at* http://www.cia.gov/cia/publications/factbook/geos.sl.html (June 20, 2001).

2. Defendant-appellee Mohamed Nameh Makki is referred to as "Tarek Makki, Sr." in the Makki defendants' Motion to Dismiss or Transfer.

ferred the action to the United States District Court for the Eastern District of Michigan, where personal jurisdiction was proper at least as to the Makki defendants.[3]

Once in the Eastern District of Michigan, defendants-appellees moved for dismissal on forum non conveniens grounds, contending that Rustal should be required to litigate the case in Sierra Leone, where the transaction underlying Rustal's lawsuit arose. In support of their motion, defendants-appellees submitted a notarized affidavit from the Master and Registrar of the High Court of Sierra Leone stating that the civil courts of Sierra Leone were functioning normally and that a system of compulsory process existed to compel the attendance of witnesses within the courts' jurisdiction. Defendants-appellees also submitted an affidavit from a barrister of the High Court of Sierra Leone stating that the causes of action contained in Rustal's complaint were cognizable under the law of Sierra Leone. The barrister's affidavit also reiterated the Registrar's statement regarding the normal operation of Sierra Leone's system of civil justice in the city of Freetown. In opposition to defendants-appellees' motion, Rustal submitted an "information sheet" from the United States Consular Office's website warning American citizens against traveling to Sierra Leone and detailing the conditions of unrest and violence in that country. Rustal also submitted reports from two international human rights organizations calling for the cessation of wartime atrocities in Sierra Leone.

After receiving briefs from the parties and hearing oral argument, the district court granted defendants-appellees' motion to dismiss in a written order issued March 17, 2000. In its order, the district court conditioned its dismissal on the Makki defendants' waiver of any objections to jurisdiction, venue, and service of process in the civil courts of Sierra Leone. The court also required the Makki defendants to agree to appear and defend the action in Sierra Leone. Finally, the court ordered that its dismissal would be without prejudice to Rustal's re-filing the action in the Eastern District of Michigan if the court later found there to be no available forum in which to proceed in Sierra Leone.

Following entry of judgment on March 21, 2000, Rustal filed a motion for reconsideration in the district court, which was denied. Rustal then filed a timely notice of appeal. During the pendency of the appeal, however, the district court *sua sponte* ordered the parties to appear to show cause as to why the case should not be reinstated pursuant to the conditions of its earlier dismissal order. Apparently, the district court had taken judicial notice of the deteriorating political and social conditions within Sierra Leone following its dismissal of the case. After hearing oral argument and receiving additional information[4] from the parties, however, the court concluded that Sierra Leone continued to constitute an adequate alternative forum, and therefore withdrew its earlier show cause order.

3. It is not clear which of the ten named defendants in this action actually were served with Rustal's complaint. While the five Makki defendants were served via substituted service of process in Dearborn, Michigan, the other five defendants reside abroad (in Sierra Leone, Lebanon, or Switzerland) and appear not to have been served. Whatever the case,

all ten named defendants are named as appellees in the instant appeal.

4. In response to the court's questions during the show cause hearing, Rustal submitted a compendium of newspaper and World Wide Web reports detailing the ongoing political unrest, violence, and social upheaval in Sierra Leone.

On appeal, Rustal contends that the district court erred in dismissing the case on forum non conveniens grounds. Specifically, Rustal argues that: (1) defendants-appellees failed to prove that Sierra Leone constitutes an adequate alternative forum; (2) defendants-appellees failed to provide evidence relating to the private and public interest factors relevant to litigating the case in Sierra Leone; and (3) defendants-appellees' forum non conveniens motion was untimely.

## II. DISCUSSION

### A. Standard of Review and the Forum Non Conveniens Doctrine

■■■ A district court's grant of a motion to dismiss on the grounds of forum non conveniens may be reversed only if there has been a clear abuse of discretion. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 105 (6th Cir.1989). Under the common law doctrine of forum non conveniens, a district court "may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum." *Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944, 945 (1st Cir.1991). The doctrine is a flexible one, requiring the court to weigh multiple factors relating to fairness and convenience based on the particular facts of the case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249–50, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Thus, where a district court has considered all the relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. *See id.* at 257, 102 S.Ct. 252.

■■■ A defendant moving for dismissal on forum non conveniens grounds must first demonstrate the availability of an adequate alternative forum. *See Stewart,*

865 F.2d at 106; *Kryvicky v. Scandinavian Airlines Sys.*, 807 F.2d 514, 516 (6th Cir.1986); *Dowling v. Richardson–Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir.1984). This requirement is normally satisfied when the defendant is "amenable to process" in the foreign jurisdiction. *See Piper Aircraft Co.*, 454 U.S. at 254 n. 22, 102 S.Ct. 252 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." *Id.* Thus, serious obstacles to conducting litigation in the alternative forum, such as a well-founded fear of persecution there, may render the forum inadequate. *See, e.g., Cabiri v. Assasie–Gyimah*, 921 F.Supp. 1189, 1199 (S.D.N.Y.1996) (denying dismissal when Ghanian plaintiff, who had political asylum status, had well-founded fear of persecution if he brought action alleging torture by Ghanian officials in Ghanian courts). However, general allegations of corruption or bias on the part of the foreign forum will not prevent a dismissal on forum non conveniens grounds. *See, e.g., El–Fadl v. Central Bank of Jordan*, 75 F.3d 668, 678 (D.C.Cir.1996) (State Department report expressing "concern about the impartiality" of Jordanian courts did not suffice to make that forum inadequate). Nor will political unrest in a foreign jurisdiction render the forum inadequate absent some showing that the unrest has had an adverse effect on the judicial system there. *See, e.g., Blanco v. Banco Industrial de Venezuela*, 997 F.2d 974, 982 (2d Cir.1993) (political unrest does not automatically make foreign forum inadequate); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir.1987) (granting dismissal when "no showing was made that political unrest in the Philip-

pines has had an adverse effect on its judicial system there").

■■■ Once the court has decided that an adequate alternative forum is available, it must proceed to balance the public and private interests to determine whether the convenience of the parties and the ends of justice would be served by dismissing the action. *See Stewart*, 865 F.2d at 106–07; *Kryvicky*, 807 F.2d at 516; *Dowling*, 727 F.2d at 612. Among the important private interests that a court must consider are: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of unwilling witnesses; the possibility of viewing the premises, if view of the premises would be appropriate to the action; and, any problems associated with enforcing a judgment, if one is obtained. *See Dowling*, 727 F.2d at 612 (quoting *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839). Relevant public interest factors include: the administrative burden of proceeding in courts with congested dockets; the burden of imposing jury duty on people of a community having no connection with the litigation; the desirability of holding a trial nearest to those affected most by it; and, the appropriateness of holding a trial in a diversity case in a court familiar with the governing law. *See id.*

■■■ In applying this analysis, the Supreme Court has noted that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.... [H]owever, ... the presumption applies with less force when the plaintiff *or real parties in interest* are foreign." *Piper Aircraft Co.*, 454 U.S. at 255, 102 S.Ct. 252 (emphasis added).

## B. The District Court's Decision

■■■ In light of these principles, it is clear that the district court did not abuse its discretion in granting defendants-appellees' motion to dismiss on forum non conveniens grounds.

First, defendants-appellees sufficiently established the availability of an adequate alternative forum in Sierra Leone. As a condition to the district court's order of dismissal, defendants-appellees agreed to submit themselves to the jurisdiction of the courts of Sierra Leone and to appear and defend against a suit brought by Rustal in Sierra Leone. As the Supreme Court noted in *Piper Aircraft*, the availability of an alternative forum is ordinarily established when the defendant is "amenable to process" in the other jurisdiction. 454 U.S. at 254 n. 22, 102 S.Ct. 252 (citing *Gilbert*, 330 U.S. at 506–07, 67 S.Ct. 839); *see also* 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.74[2][f] (3d ed.1999) (stating that forum usually is "adequate" if defendant is amenable to process in foreign forum, and listing cases). Moreover, defendants-appellees submitted affidavits establishing: (1) that the civil courts of Sierra Leone continue to operate normally; (2) that a system of compulsory process exists to compel attendance of unwilling witnesses at trial; and (3) that the civil law of Sierra Leone recognizes the causes of action alleged in Rustal's complaint. Such evidence supports the district court's conclusion that Sierra Leone constitutes an adequate alternative forum.

Rustal's basic argument to the contrary is that Sierra Leone's ten-year civil war has rendered that country unsafe and corrupt. Rustal contends that the tenuous peace currently existing in Sierra Leone could dissolve at any moment, and concludes that the war-torn jurisdiction is simply too dangerous to constitute an adequate alternative forum for this litigation.

Despite its assertions, however, Rustal has failed to demonstrate that the courts of Sierra Leone are inadequate or unavailable.

■ First, while Rustal has presented ample evidence relating to the social and political upheaval resulting from Sierra Leone's ten-year civil war, it has not shown that the civil war has had an adverse effect on Sierra Leone's judicial system. Rather, Rustal's evidence focuses on atrocities committed by combatants during the war, the difficulties international peacekeepers have confronted during the subsequent cease-fire, and the State Department's warning against travel to Sierra Leone. In the face of defendant-appellees' evidence to the contrary, Rustal's evidence is insufficient to prove that the courts of Sierra Leone are inadequate.[5] *See El-Fadl,* 75 F.3d at 678 (holding that State Department report expressing "concern about the impartiality" of Jordanian courts did not suffice to make that forum inadequate); *Blanco,* 997 F.2d at 982 (political unrest does not automatically make foreign forum inadequate); *Transunion Corp.,* 811 F.2d at 129 (granting dismissal when "no showing was made that political unrest in the Philippines has had an adverse effect on its judicial system there").

Moreover, Rustal failed to demonstrate that the courts of Sierra Leone are unavailable. While Rustal presented evidence indicating that travel outside the capital city of Freetown was hazardous, its evidence also indicated that the security situation within Freetown remained stable. *See* SIERRA LEONE—CONSULAR INFORMATION SHEET, *available at* http://travel.state.gov/sierra_leone.html (June 19, 2001). Indeed, the affidavits submitted by defendants-appellees make clear that the courts of Sierra Leone continue to operate normally within the city of Freetown. Absent some credible evidence indicating that the conditions in Sierra Leone would prevent the parties from accessing the courts in Freetown, we find that the district court was within its discretion to conclude that the courts remain available to the parties in this litigation.

Finally, the district court provided a "safety net" of sorts by permitting Rustal to re-file its complaint in the Eastern District of Michigan in the event that courts of Sierra Leone proved not to constitute an adequate and available alternative forum. *See Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1497 (5th Cir.1993) (observing that previous dismissal on forum non conveniens grounds does not bar re-filing of action if plaintiff can show objective facts that materially alter the considerations underlying the previous dismissal). Indeed, the district court appears sensitive to the possibility that changing conditions may render the courts of Sierra Leone inadequate or unavailable, as evidenced by its *sua sponte* order to show cause why the case should not be reinstated pursuant to the conditions of its earlier dismissal. In light of these considerations, we conclude that the district court did not abuse its discretion in concluding that the courts of Sierra Leone constitute an adequate and available alternative forum.

Neither was it an abuse of discretion for the district court to conclude that the balance of private and public interest factors

---

**5.** We note that the adequacy or inadequacy of a forum is properly established by expert affidavits rather than by newspaper articles or other, less credible evidence. *See Mercier v. Sheraton Int'l, Inc.,* 981 F.2d 1345, 1351–52 (1st Cir.1992) (considering adequacy of foreign forum in light of expert affidavits); *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1230 n. 8 (3d Cir.1995) (discrediting newspaper article as evidence of foreign forum's inadequacy). Thus, the district court was entitled to give more credence to the affidavits submitted by defendants-appellees than to the articles and World Wide Web printouts presented by Rustal.

favor dismissal of this case. As counsel for defendants-appellees have repeatedly pointed out, all of the documentary evidence relevant to Rustal's claims is in Sierra Leone or in Geneva, Switzerland, where Rustal Ireland's primary offices are located. In addition, most of the witnesses—including some of the defendants—currently reside in Sierra Leone or in other parts of Africa, the Middle East, or Europe. Indeed, given that the Makki defendants have agreed to appear and defend against Rustal in Sierra Leone, it is likely that the courts of Sierra Leone would have personal jurisdiction over a greater number of the named defendants in this action than would the United States District Court for the Eastern District of Michigan. Furthermore, the relationship between the Eastern District of Michigan and the underlying dispute in this case is tenuous at best. To require the district court to apply foreign law to Rustal's claims would arguably place an unwarranted burden on both the court and members of the jury. Finally, the district court was not required to defer to Rustal's choice of forum in this case, inasmuch as Rustal is, for all intents and purposes, a foreign plaintiff.[6] *See Piper Aircraft Co.,* 454 U.S. at 256, 102 S.Ct. 252 (noting that federal courts need not defer to the plaintiff's choice of forum when the "real party in interest" is a foreign entity).

In light of the affidavits submitted by the Makki defendants, the court reasonably found that the courts of Sierra Leone constitute an available adequate forum in which Rustal can bring suit. *See Stewart,* 865 F.2d at 106. The court also reasonably balanced the relevant public and private interests to conclude that the convenience of the parties and the interests of

justice would be served by dismissing the action. *See id.* at 106–07. For these reasons, we conclude that the district court did not abuse its discretion in dismissing the case on forum non conveniens grounds.

### C. Timeliness of Defendants' Motion to Dismiss

 Rustal also argues that defendants-appellees were untimely in filing their motion to dismiss on forum non conveniens grounds. Rustal's argument is unpersuasive. A motion for dismissal on forum non conveniens grounds is timely if it is made within a reasonable time after the defendant has become aware of the facts that form the basis of the motion. *See Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 614 (3d Cir.1991); *In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1165 (5th Cir.1987), *vacated on other grounds,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). However, a forum non conveniens motion cannot be brought in a court where there is an absence of jurisdiction or a mistake of venue. *See Gulf Oil,* 330 U.S. at 504, 67 S.Ct. 839.

As discussed above, Rustal initially filed this action in the Northern District of Texas in June 1998. Service was not effected until November 1998, at which point the Makki defendants appeared for the sole purpose of contesting personal jurisdiction and venue. At the Makki defendants' request, the district court in Texas transferred the action to the Eastern District of Michigan in January 1999. Rustal's counsel filed his first appearance in the Eastern District of Michigan in July 1999. The district court then convened a status conference in early October 1999, at which time it encouraged the Makki defendants to obtain counsel to defend their rights in

---

**6.** Rustal admits that it is a shell corporation formed for the sole purpose of bringing this lawsuit and whose only asset is its right of action obtained by assignment from Rustal

Ireland. Indeed, the record reflects that the only individual associated with Rustal in the United States is plaintiff's counsel.

the Eastern District of Michigan. The Makki defendants followed the district court's advice, and their counsel filed an appearance on November 29, 1999. Defendants-appellees then filed their motion for dismissal on forum non conveniens grounds fourteen days later, on December 13, 1999. Defendants-appellees also filed an answer to Rustal's complaint on January 5, 2000.

While it is true that defendants-appellees' forum non conveniens motion was filed more than eighteen months after Rustal originally filed its complaint in the Northern District of Texas, this delay resulted in large part from Rustal's bringing suit in a court without personal jurisdiction over the defendants. Moreover, defendants-appellees' forum non conveniens motion was filed prior to and in lieu of an answer, and before any attempt by Rustal to seek a default judgment. The record reflects that defendants-appellees filed their forum non conveniens motion five months after Rustal's counsel first appeared in the Eastern District of Michigan, and only two weeks after defendants-appellees obtained counsel in the Eastern District of Michigan. Because it is unlikely that the defendants-appellees became aware of the facts warranting their forum non conveniens motion prior to their retention of local counsel, it was not unreasonable for them to file their motion when they did. *See Lony,* 935 F.2d at 607. Thus, the district court did not abuse its discretion in entertaining defendants-appellees' motion to dismiss on forum non conveniens grounds.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.