Susan M. KRYVICKY,
Plaintiff-Appellant,

v.

SCANDINAVIAN AIRLINES SYSTEM
and the Boeing Company,
Defendants-Appellees.

No. 85–1215.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1986.

Decided Dec. 29, 1986.

---

1. For the purposes of this opinion, we will assume that jeopardy did attach in the General Sessions Court.

Victoria C. Heldman (argued), Schanden & Heldman, Birmingham, Mich., for plaintiff-appellant.

John E.S. Scott, Dickinson, Wright, Moon, VanDusen, & Freeman, Mark S. Hayduk, Shoup, Hayduk, Dawson, Andrews & Hypnar, P.C., Detroit, Mich., Thomas J. McLaughlin (argued), Scott Seablom, Seattle, Wash., Michael J. Holland (argued), Condon & Forsyth, New York City, for defendants-appellees.

Before KRUPANSKY and RYAN, Circuit Judges, and HULL, Chief Judge.*

KRUPANSKY, Circuit Judge.

Plaintiff-appellant Susan M. Kryvicky (Kryvicky) appealed from the district court's *forum non conveniens* dismissal of her wrongful death claims against defendants-appellees Boeing Company (Boeing) and Scandinavian Airlines System (SAS).

The record disclosed the following facts. In February, 1983, Kryvicky and her decedent husband, Raymond Kryvicky, moved from Brazil to Madrid, Spain. Both lived in Spain until November 27, 1983 when Raymond Kryvicky was killed in the crash of Avianca Flight 011 in the immediate vicinity of the Madrid airport. The flight, aboard a Boeing 747 which Avianca leased from SAS, was en route from Paris to Madrid as part of a regularly scheduled round trip flight between Bogota, Columbia and Frankfurt, West Germany.

After the accident, Kryvicky moved from Spain to Michigan, the state in which she had resided before moving to Brazil in 1975, and commenced this action in the Wayne County Circuit Court on May 23, 1984. Her actions against both defendants Boeing and SAS were anchored in tort liability. Boeing removed the action to the United States District Court for the Eastern District of Michigan. Both Boeing and SAS asserted *forum non conveniens* as a defense in their answers and suggested Spain as an alternate forum. SAS also denied personal jurisdiction.

Both SAS and Boeing filed motions to dismiss predicated upon the doctrine of *forum non conveniens* on August 24, and December 20, 1984, respectively. Boeing attached to its pleading the affidavit of a Spanish attorney who attested that Spain recognized a cause of action for wrongful death, that Spanish courts would exercise jurisdiction when a defendant expressly submitted to its jurisdiction, and that Spanish courts would permit defendants to waive any statute of limitations defense.

The district court conducted a hearing on both motions on January 21, 1985 at the conclusion of which it granted *forum non conveniens* dismissals in favor of both defendants. The court concluded that Spain provided an adequate alternative forum, and that, although plaintiff's choice of her home forum was entitled to great deference, the balance of private and public in-

---

* Hon. Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennes- see, sitting by designation.

terest factors weighed heavily in favor of trial in Spain. Dismissal was conditioned upon the defendant's submission to the jurisdiction of Spanish courts, their waiver of any statute of limitations defense, and their stipulation to pay any final judgment issued by Spanish courts and to its enforcement in the United States.

"The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion...." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981), *reh'g denied,* 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). To support a *forum non conveniens* dismissal the trial court must find the existence of an adequate alternate forum and balance the private and public interest factors. "If the trial court has utilized this balancing procedure, its decision must be upheld absent a clear abuse of discretion." *Watson v. Merrell Dow Pharmaceuticals, Inc.,* 769 F.2d 354, 356 (6th Cir.1985).

The Supreme Court identified the various private and public interest factors to be balanced in considering a *forum non conveniens* motion for dismissal in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

> Among the important private interest considerations are "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." The court must also consider problems in enforcing a judgment if one is obtained and relative advantages and obstacles to a fair trial, if any.... The Court also identified relevant public interest factors: administrative difficulties of courts with congested dockets; the burden of jury duty on people of a community having no connection with the litigation; desirability of holding a trial near those most

> affected by it ...; appropriateness of holding a trial in a diversity case in a court which is familiar with governing law.

*Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 612 (6th Cir.1984) (quoting *Gulf Oil Corp.,* 330 U.S. at 508–09, 67 S.Ct. at 843) (citations omitted).

A view of Judge Woods' opinion confirms that he implemented the Supreme Court's balancing mandate. He concluded that the factors "weighed heavily in favor of trial in Spain" because it was the situs of the accident, the wreckage was located there, all records connected with the plane and the crash were in possession of the Spanish authorities who conducted the investigation, most of the witnesses resided in Spain while only two (plaintiff and decedent's mother) resided in Michigan, the defendants could not implead Spanish aviation authorities or Avianca in U.S. courts, plaintiff and the decedent lived in Spain at the time of the crash, and Spain had the greater interest in the outcome of the case.

Despite the district court's comprehensive balancing of the private and public interest factors, Kryvicky has asserted six separate abuses of discretion. First, she argues that the district court should have withheld consideration and disposition of the *forum non conveniens* motions until after it had resolved the issue of personal jurisdiction asserted by SAS. This assignment of error is without merit. *Cf. Calavo Growers of California v. Belgium,* 632 F.2d 963 (2d Cir.1980) (court found it unnecessary to reach personal jurisdiction issue after disposing of case by affirming *forum non conveniens* dismissal), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809, *reh'g denied,* 451 U.S. 934, 101 S.Ct. 2012, 68 L.Ed.2d 321 (1981). To require the district court to initially determine personal jurisdiction in this case would have amounted to an exercise in futility. A finding that the court lacked personal jurisdiction over SAS would have nevertheless resulted in dismissal of the suit against both parties, SAS for lack of personal jurisdiction and Boeing under the

doctrine of *forum non conveniens*. A finding that it had personal jurisdiction over SAS also would have resulted in the dismissal of the action against both parties by invoking the doctrine of *forum non conveniens.*[1]

Second, Kryvicky asserted that the district court erred in dismissing the action without finding that a trial in the selected forum would be "oppressive" or "vexatious" to the defendants. This assignment of error is also without merit. The Supreme Court has noted that "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum." *Piper Aircraft*, 454 U.S. at 255 n. 23, 102 S.Ct. at 265 n. 23. *See also Dowling*, 727 F.2d at 613. The district court properly accorded Kryvicky's choice of forum due deference. After noting that Kryvicky's choice of forum was entitled to greater deference because she was suing in her home forum, the court concluded that "[t]he relevant factors in *Gilbert* appear to this court as a matter of long and considered judgment to weigh heavily in the defendant's favor." This conclusion was not an abuse of discretion.

Third, Kryvicky has charged that the district court failed to properly analyze the interests of the United States in this litigation. Contrary to Kryvicky's assertion, the lower court did consider those interests. The court, after reciting interests favoring trial in Michigan, concluded that the *Gilbert* factors nevertheless weighed "heavily" in favor of a Spanish forum. Furthermore, this court has held that the country where the injury occurred has a greater interest in the ensuing products liability litigation than the country where the product was manufactured. *Dowling*, 727 F.2d at 616. Consequently, Kryvicky's third assignment is without merit.

Fourth, Kryvicky asserted that the district court abused its discretion in failing to determine whether American law applied to her claims. The Supreme Court, however, has cautioned the lower courts against becoming entangled in conflicts of laws problems in *forum non conveniens* cases. *Piper Aircraft*, 454 U.S. at 251, 102 S.Ct. at 263. The balance of public and private interest factors may favor trial in a foreign jurisdiction even if it were determined that American law applied. *Id.* at 260, 102 S.Ct. at 268. Accordingly, the fourth assignment of error is not well taken.

Fifth, Kryvicky argues that the trial court abused its discretion when it dismissed the case without justifying the financial burden that litigating the claims in Spain would impose upon her. Kryvicky's argument is unfounded. The court expressly stated that the plaintiff's burden of maintaining her suit in Spain was "outweighed by the expense, the inconvenience, and the possible unfairness to the present defendants." Furthermore, inconvenience to the plaintiff is only one factor used in the balancing process, and it alone would not bar dismissal based upon *forum non conveniens*. *Pain v. United Technologies Corp.*, 637 F.2d 775, 797 (D.C.Cir.1980), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981).

Finally, Kryvicky asserts that the district court abused its discretion in not giving her more time to rebut Boeing's affidavit interpreting Spanish law filed on December 20, 1984. This assignment of error is equally without merit. Both Boeing and SAS raised *forum non conveniens* as a defense and identified Spain as the alternate forum in their answers which were filed in July and August, 1984. Both moved for dismissal based upon that doctrine, SAS in August and Boeing in December, 1984. Kryvicky filed three memoranda in the lower court on the issue, none of which addressed the inadequacy of the Spanish forum. This court cannot, under these circumstances, conclude that the district court abused its discretion in refusing to allocate additional time to the plaintiff to address the issue.

---

**1.** Indeed, a dismissal of SAS for lack of personal jurisdiction would have been more detrimental to Kryvicky because the court could not have conditioned the dismissal upon SAS' submission to the jurisdiction of Spanish courts.

Accordingly, the district court's *forum non conveniens* dismissal cannot be considered an abuse of discretion, and its dismissal of this action in hereby AFFIRMED.