**Paul ISLEY, Plaintiff,**

v.

**CAPUCHIN PROVINCE,**
**et al., Defendants.**

**No. 93–CV–74820–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 10, 1995.

Heidi L. Salter and Don Ferris, Ann Arbor, MI, for plaintiff.

James N. Martin and Michael R. Janes, Mt. Clemens, MI, for defendants Capuchin, St. Lawrence, Thiel, Hoelscher, Kowalsky, Werner Wolf and Smith.

Frank W. Brochert, Detroit, MI, for defendant Jim Wolf.

Gerald Boyle, Milwaukee, WI, for defendant Leifeld.

## OPINION AND ORDER REGARDING CHOICE OF LAW

ROSEN, District Judge.

### I. INTRODUCTION

This action involves claims of intentional tort, negligence, violation of statutory duty, and breach of contract predicated upon events that allegedly occurred in two different states—Michigan and Wisconsin. Specifically Plaintiff alleges that while he was a student at the St. Lawrence Seminary in Mount Calvary, Wisconsin, from 1974 to 1978, he was sexually abused by two Capuchin priests, Father James Buser and Father Gale Leifeld. He further claims that he was subsequently sexually abused by another Capuchin, Father Jim Wolf, while he attended the Capuchin Province's Pre–Novitiate program in Detroit, Michigan in 1978–1979. Thus, a choice of law question is presented.

### II. THE PARTIES' ARGUMENTS

The parties have briefed their positions regarding choice of law in their Supplemental Trial Briefs. Defendants contend that Michigan law should be the substantive law applied in deciding the merits of *all* of Plain-

tiff's claims—both those arising out of events occurring in Michigan and Wisconsin. However, with respect to the procedural statute of limitations issue, Defendants contend that Wisconsin law of limitations should apply to the Wisconsin actions and Michigan limitations law should apply to the Michigan actions.

Plaintiff's arguments are the direct opposite. Plaintiff argues that Michigan limitations law applies to all of the claims, but that the substantive law of Wisconsin should be applied in deciding the merits of those claims predicated upon incidents which occurred in Wisconsin, and Michigan law should apply to the Michigan claims.

### III. *DISCUSSION*

■ It is fundamental that when, as here, jurisdiction in a federal court is based on diversity of citizenship, the federal court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). *Mahne v. Ford Motor Co.*, 900 F.2d 83, 85 (6th Cir. 1990), *cert. denied*, 498 U.S. 941, 111 S.Ct. 349, 112 L.Ed.2d 313 (1990). Hence, this Court, sitting in Michigan, must apply Michigan's choice of law rules.

### A. *SUBSTANTIVE LAW*

■ In *Olmstead v. Anderson*, 428 Mich. 1, 400 N.W.2d 292 (1987), the Michigan Supreme Court held that the *lex fori*, the law of the forum (i.e., Michigan), is presumed to apply to tort actions filed in Michigan, unless there is a "rational reason" to displace Michigan law with the law of another state. To determine whether there is such a rational reason, a court's first duty is to examine the foreign state's interest, if any, in having its law applied. If there is no reason to apply the foreign state's law, there is no need to undertake an analysis of Michigan's interests. 400 N.W.2d at 305. However, where the foreign state is found to have an interest in having its law applied, a "weighing of the interests" analysis become necessary. *Id.* See also, *Mahne v. Ford Motor Co., supra; Farrell v. Ford Motor Co.*, 199 Mich.App. 81,

501 N.W.2d 567 (1993), *app. denied*, 455 Mich. 863, 519 N.W.2d 158 (1994).

*Farrell* and *Mahne* are factually similar. Both were product liability cases which involved out-of-state plaintiffs and a Michigan-based corporate defendant, and both cases involved accidents which occurred in the state where the plaintiff resided. However, the Sixth Circuit and the Michigan Court of Appeals reached completely opposite conclusions. In *Mahne*, the Sixth Circuit concluded that, notwithstanding Plaintiff's residence, the foreign state (Florida) had no interest in having its law applied to a Michigan manufacturer. Therefore, no "balancing of interests" was undertaken. In *Farrell*, the court criticized the Sixth Circuit's decision in *Mahne* and determined that the foreign state (North Carolina) had a substantial interest in having its law applied.

The Plaintiff in this case makes much out of the *Farrell* court's criticism of *Mahne* apparently because he believes that the ultimate determination in *Mahne*—that Michigan law applied to claims arising out of events that occurred in Florida—would require a finding in this case that Michigan law applies to Plaintiff's Wisconsin claims as well as his Michigan claims. However, the *results* of *Mahne* are not determinative. What is important is that *Mahne* adhered to the Michigan Supreme Court's ruling in *Olmstead*. As the *Mahne* court observed, under *Olmstead*,

> The choice of law issue must be decided on a case-by-case basis. The question to be answered in each case is:
>
> Whether the case at hand presents a situation in which reason requires that foreign law supersede the law of this state.

*Mahne, supra*, 900 F.2d at 86, quoting *Olmstead*, 428 Mich. at 24, 400 N.W.2d 292.

■ In this case, the Court finds that Wisconsin has a substantial interest in having its laws applied to the claims predicated upon events that allegedly occurred at St. Lawrence Seminary, a high school in Wisconsin. Balancing the respective interests of Michigan and Wisconsin, the Court finds that Wisconsin's interest outweighs Michigan's inter-

est in having its substantive laws applied to the Wisconsin acts alleged in this case.[1] Not only do several of the individual Defendants reside in Wisconsin, but also, among Plaintiff's claims in this suit are claims of failing to report sexual abuse to Wisconsin authorities as required under Wisc.Stat. § 48.981.[2] This statute clearly manifests a strong state interest in protecting minors in Wisconsin from sexual abuse and in punishing those found guilty of sexual abuse. Therefore, it would not be anomalous to apply Wisconsin's punitive damages law with respect to the Wisconsin claims in this case.[3]

By contrast, the "Michigan nexus" with the Wisconsin acts is merely that the Capuchin Province is based in Detroit and the lawsuit was filed here. As the Michigan court observed in *Farrell, supra,* such interests are minimal at best, and are insufficient to justify application of Michigan law. 501 N.W.2d at 572.

Thus, balancing the interests of Michigan and Wisconsin with respect to the claims arising out of acts in Wisconsin, the Court finds that Wisconsin has the stronger interest, and therefore, Wisconsin law will apply to the tort claims predicated upon Wisconsin acts.[4] (The parties do not dispute the appli-

---

1. Although neither the *Olmstead* court nor the *Mahne* court delineated the specific factors to be weighed when balancing the interests of interested states, Michigan courts that have been called upon to weigh of the interests of interested states, have examined essentially the same factors delineated in § 145 of the Restatement (Second) of Conflicts. *See e.g., Farrell, supra. See also, Hampshire v. Ford Motor Co.,* 155 Mich. App. 143, 399 N.W.2d 36 (1986), *lv. denied,* 428 Mich. 852 (1987).

   Section 145 of the Restatement provides:
   (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
   (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
   (a) the place where the injury occurred,
   (b) the place where the conduct causing the injury occurred,
   (c) the domicil, residence, nationality, place of the incorporation and place of business of the parties, and
   (d) the place where the relationship, if any, between the parties is centered.
   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

2. This reporting statute was adopted in 1965 and has existed continually ever since. The original version of the statute imposed a duty upon health care personnel, social workers and *school administrators* to report suspected abuse to specified county officials. The act was broadened in 1977 to add teachers, counselors, therapists, and law enforcement personnel to those upon whom the duty to report is imposed.

3. The availability of punitive damages appears to be the only difference between Michigan and Wisconsin substantive law regarding the kinds of claims asserted by Plaintiff in this case.

4. Although Plaintiff has made no argument in his Supplemental Trial Brief regarding his breach of contract claims, to the extent that Plaintiff still intends to pursue those claims, recent Michigan cases suggest to this Court that Michigan applies the "most significant relationship" test of § 188 of the Second Restatement of Conflicts. *See, CPC International Inc. v. Aerojet–General Corp.,* 825 F.Supp. 795, 802–809 (W.D.Mich.1993); *Chrysler Corp. v. Skyline Indus. Servs., Inc.,* 199 Mich.App. 366, 502 N.W.2d 715, 717 (1993), *lv. granted,* 445 Mich. 931, 521 N.W.2d 13 (1994) ("With respect to conflict of laws, Michigan follows the position articulated in 1 Restatement Conflict of Laws 2....").

   Section 188 of the Second Restatement provides as follows:
   **§ 188. Law Governing in Absence of Effective Choice by the Parties**
   (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
   (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
   (a) the place of contracting,
   (b) the place of negotiation of the contract,
   (c) the place of performance,
   (d) the location of the subject matter of the contract, and
   (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
   These contacts are to be evaluated according to their relative importance with respect to the particular issue.
   (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied....
   By application of the foregoing standards, and for the same reasons discussed with respect to

cation of Michigan law with respect to the Michigan acts.)

## B. *STATUTE OF LIMITATIONS*

■ Under Michigan conflicts law, statutes of limitations are deemed to be procedural, rather than substantive, and are to be governed by the law of the forum. *Schumacher v. Tidswell*, 138 Mich.App. 708, 360 N.W.2d 915, 919 (1984). Thus, it is Michigan's limitations law that will apply. The parties do not dispute application of the Michigan statutes of limitations to Plaintiff's Michigan claims. However, they do dispute application of the Michigan limitations law to the Wisconsin claims.

M.C.L. § 600.5861 provides in pertinent part as follows:

> **600.5861. Actions accruing outside state**
>
> Sec. 5861. An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued. . . .

Under this section, an action filed in Michigan by a nonresident and based on a cause of action which accrued outside of Michigan is barred on the expiration of either the Michigan limitations period or the foreign state's limitations period, whichever expires first. *Makarow v. Volkswagen of America, Inc.*, 157 Mich.App. 401, 403 N.W.2d 563 (1987).

Defendants contend that with respect to this action Wisconsin limitations law should apply because they claim Wisconsin's limitations period expires before Michigan's. According to Defendants, Michigan's period of limitations is longer than Wisconsin's because Michigan allows one year after the date that Plaintiff recalls all of the incidents complained of to file suit. Defendants hypothesize that Plaintiff could argue that the Michigan statute of limitations has not yet expired because he continues to recall incidents of abuse.[5]

However, the Court finds that the Wisconsin limitations period is longer than Michigan's in this regard because the delayed discovery rule as applied in that state gives the plaintiff the benefit of the *full* limitations period from the date of recall, not just one additional year, as does Michigan. And, as the court held in *Hammer v. Hammer*, 142 Wis.2d 257, 418 N.W.2d 23 (1987), the plaintiff has "leeway to not start a cause of action until [he] knows more about the injury and its probable cause." 418 N.W.2d at 27. Conceivably the "knowing more about the injury" referred to in *Hammer* could extend to subsequently recalled events.

Furthermore, even if the Court were required to apply Wisconsin limitations law, Wisconsin law requires application of Michigan's statute in this case.

Wisconsin Statutes § 893.15 provides, in pertinent part, as follows:

> (1) In this section "a non-Wisconsin forum" means all courts, state and federal, in states other than this state and federal courts in this state.
>
> **(2) In a non-Wisconsin forum, the time of commencement or final disposition of an action *is determined by the local law of the forum.***

Plaintiff's tort claims, the Court finds that Wisconsin law will apply to Plaintiff's breach of contract claims predicated upon the alleged contract for his education at St. Lawrence Seminary in Mount Calvary, Wisconsin. Michigan law will apply to his breach of contract claim predicated upon the alleged contract for education at the Pre-Novitiate center in Detroit.

5. It is interesting to note that Defendants never argued for application of Wisconsin limitations law until this Court denied Defendants summary judgment motion which was predicated upon Michigan law. Defendants belief that Wisconsin law is narrower and would bar Plaintiff's claims in this case is based upon a misreading of *Byrne*

*v. Becker*, 176 Wis.2d 1037, 501 N.W.2d 402 (1993). In that case, the Wisconsin Supreme Court affirmed the lower court's grant of the defendant's motion for summary judgment because the court found that the plaintiff had recalled *all* of the acts of incest upon which her complaint was based as of December 1986 but did not file her complaint until November 1989, almost a year after the limitations period had expired. (Wisconsin has a two-year statute of limitations for incest, Wis.Stat. Sec. 893.587.) Thus, the case does not stand for the proposition advanced by Defendants, that in Wisconsin, the statute of limitations begins to run as soon as *one* act of sexual abuse is recalled.

Thus, Wisconsin law, itself, mandates application of the Michigan statute of limitations to the Wisconsin claims asserted in this case.

## IV. CONCLUSION

Based upon the foregoing discussion,

IT IS HEREBY ORDERED as follows:

With respect to the statute of limitations, Michigan law will apply.

With respect to the law applicable to the determination of the substantive merits of Plaintiff's claims, Michigan law will apply to those claims predicated upon acts which allegedly occurred in Michigan and Wisconsin law will apply to those claims predicated upon acts which allegedly occurred in Wisconsin.