R. RAMAKRISHNA, Accord Holdings Private Limited, Accord Finance & Properties Private Limited, and Padma Ramakrishna, Plaintiffs,

v.

BESSER COMPANY, Defendant.

No. 00-CV-10303-BC.

United States District Court,
E.D. Michigan,
Northern Division.

Nov. 13, 2001.

Farbod H. Talab, Talab, Nunley, Southfield, MI, for plaintiffs.

Keefe A. Brooks, Butzel Long, Detroit, MI, Edward M. Kalinka, Butzel Long, Bloomfield Hills, MI, for defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON FORUM NON CONVENIENS

LAWSON, District Judge.

This case has come before the Court on the motion by the defendant who claims that this matter ought to be dismissed because the forum most convenient for the resolution of this dispute is the High Court of Judicature at Madras, India or other Indian tribunal. Because the Court finds that an Indian court is a reasonable alternate forum, the material developments which give rise to the dispute occurred exclusively in India, and India is most likely the only forum in which the facts necessary for the resolution of the dispute may be fully developed, the Court will grant the defendant's motion.

### I.

The plaintiffs, R. Ramakrishna, Accord Holdings Private Ltd., Accord Finance & Properties Private Ltd., and Padma Ramakrishna, all citizens and residents of India, are investors in an Indian corporation named Vibrant Investment & Properties, Ltd. Vibrant was one of two partners in Vibrant Besser Concrete Systems, Ltd. (the "Joint Venture Company"), which is also an Indian corporation. The defendant, Besser Company, was the other partner in the Joint Venture Company. Besser is a Michigan corporation. The purpose of the Joint Venture Company was to build two plants in India to manufacture masonry products, including concrete blocks to be used as structural components and paving blocks. The products would then be sold for installation on construction sites in India.

The joint venture agreement is dated January 21, 1995. In the agreement, Besser promised to provide technical advice and expertise in constructing the plant, furnish equipment at cost, train personnel in production, maintenance and construction techniques, assist with arranging financing, and participate in product promotion and customer support. The agreement contains a forum selection clause in which the parties agreed that the law of India would govern the contract, and all disputes would be resolved in the High Court of Judicature at Madras, India. The initial project was beset with difficulties, and the venture failed.

On August 16, 2000, the plaintiffs filed suit against defendant Besser Company in this Court. Plaintiffs allege that after the Joint Venture Company manufactured concrete paving blocks at the plant in Madras, India, Vibrant installed them at a container facility construction site in India pursuant to a contract with MAC CWT Distriparks Limited ("MAC CWT"), an Indian company. The paving blocks allegedly failed as a result of flaws in the sub-base foundation. Plaintiffs contend that Besser did not provide sufficient financing, equipment, training, and technical expertise for the Joint Venture Company as promised. As a result, creditors allegedly executed against plaintiffs' personal guarantees to the Joint Venture Company. Specifically,

plaintiffs allege breach of contract for Besser's failure to provide adequate financing and technical training to Vibrant and for failure to offer contribution to the plaintiffs for settling claims against them; fraudulent and innocent inducement, alleging that defendant knew or should have known that the MAC CWT project would have failed, but that defendant encouraged plaintiffs to go ahead with the project; promissory estoppel as to plaintiffs, Padma, Accord, and Accord Finance, for Besser's failure to fulfill its promise to perform competently and to guarantee the performance and debts of Vibrant Besser through the Bank of Madura; negligence for defendant's violation of its duty to adequately provide expertise and instruction in methods of sub-base construction which would adequately suit and support concrete pavers for MAC CWT; and quantum meruit and unjust enrichment for defendant's alleged unjust benefit from plaintiffs' $10,000,000 in provided cash, assets, guarantees and services for the benefit of the Joint Venture Company.

On January 17, 2001, Besser Company filed a motion to dismiss, alleging that the doctrine of *forum non conveniens* compels the dismissal of plaintiffs' claims and that the only appropriate forum for this case is in India. The plaintiffs have responded, alleging that Michigan was both an appropriate and superior forum for this dispute, and defendant filed a reply brief. The Court heard the arguments of the parties through their respective counsel in open court on October 11, 2001, and the matter is now ready for decision.

## II.

Although the joint venture agreement contains a mandatory forum-selection clause that vests exclusive jurisdiction for litigation arising out of the contract in the High Court of Madras in India, at oral argument counsel for the defendant acknowledged that the clause does not gov-

ern venue or jurisdiction in this case. The plaintiffs here were not actual parties to the joint venture agreement. Rather they were investors in one of the venture entities. The defendant's motion, therefore, is decided solely based on the doctrine of *forum non conveniens*.

An action may be dismissed on the basis of *forum non conveniens* if the defendant demonstrates that (1) there is a reasonable alternative forum available and (2) the balance of private and public interests favors transfer. *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir.1989). The defendant has the burden of persuasion on both elements. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir.2001). Although the Court generally presumes the plaintiffs' chosen forum to be the most convenient, foreign plaintiffs are generally afforded less deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.

*Id.*

In determining whether there is a reasonable alternate forum in which to adjudicate the dispute, the court must assess whether the plaintiff is legally able to sue in the alternate forum, and should deny the motion if the plaintiff otherwise would be rendered unable to pursue his or her action. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1225 (3d Cir.1995). Major or excessive delay in the alternate forum can render that forum unreasonable and justify denial of the motion to dismiss or transfer. *Id.* at 1227–28 (finding delay of

"up to a quarter of a century" "so temporally remote that it is no remedy at all."). Likewise, if the defendant is not amenable to process in the alternate forum, or if the laws of that forum do not provide an adequate remedy, it is not a reasonable alternate. *See Stewart,* 865 F.2d at 107.

■ In assessing the private interests, the Court should consider the relative ease of access to sources of proof; the availability of compulsory process for attendance of witnesses; the possible need to view the premises; and all other practical problems that make a trial more convenient and less expensive. The public interests that must be balanced include any administrative difficulties of courts with clogged dockets; the burden of jury duty on people of a community having no connection with the litigation; the desirability of holding a trial near those most affected by it; and the appropriateness of holding a trial in a diversity case under a foreign state's law. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Kryvicky v. Scandinavian Airlines Sys.,* 807 F.2d 514, 516 (6th Cir.1986).

The defendant argues that India is a reasonable alternative forum and has filed an affidavit from an attorney in India stating that a case in the Madras High Court takes about four to ten years to complete, although the trial can be expedited if the parties demand a quick trial date early in the lawsuit. The defendant has acknowledged that it is amenable to process in India, and in fact has consented to jurisdiction in the joint venture agreement. In arguing that the private interests favor transfer, the defendant insists that crucial sources of proof, namely the site of the flawed installation, are located in India and that compulsory process is required to gain full access to that site. India is not a signatory to the *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,* 23 U.S.T. 2555 (date

in force October 7, 1972), and thus the letters rogatory authorized in Fed. R. Civ. P. 28(b) are not available. The defendant also claims that it needs to interview many witnesses who are not subject to compulsory process in United States courts, such as employees of the manufacturer and installers of the allegedly flawed blocks. The defendant complains that it cannot be guaranteed full and unimpeded access to the installation site without compulsory process from some court. As for discovery, the defendant claims that plaintiffs' depositions alone will not result in adequate factual development, and that the defendant must be able to depose all persons having knowledge of how the project was constructed. The defendant further notes that an Indian judgment would be enforceable here, but a Michigan judgment would not be enforceable in India. The defendant also claims that litigation costs will be higher if the trial is kept in Michigan and that there is a possibility of inconsistent litigation results given a current criminal proceeding in India against the lead plaintiff in this case over the same subject matter.

Finally, as to the public interests, the defendant argues that Michiganders have little interest in a dispute arising in India and should not be burdened with the inconvenience and expense of a jury trial to resolve the dispute. The defendant also contends that the need to apply Indian law favors transfer.

The plaintiffs respond that India is not a reasonable alternate forum because the Indian judiciary is corrupt and it takes a very long time to complete a case in India. They attach various newspaper articles quoting Indian judges, one of whom states it would take 350 years to clear the current backlog in the Indian courts. The defendant responds that plaintiffs' newspaper articles are inadmissible hearsay, and points out that plaintiffs' submitted article

on corruption in fact states that "the majority of the judges are honest and hard working. But a *few* rotten eggs have tarnished the imagine of the judiciary" (emphasis added). They also claim plaintiffs' articles, which date from 1999, are outdated.

As to the private interests, the plaintiffs claim that the relevant documents are almost all in Michigan, and that the defendant can take as many photographs of the installation site as it wishes. The plaintiffs state that the defendant needs no witnesses from India, and can get all it needs from the parties' depositions. The plaintiff also alleges that the costs of litigation will be equally high in both places and claims that the lead plaintiff, R. Ramakrishna, is not the subject of any criminal litigation instigated by the defendant, although the plaintiffs do not deny that he is being prosecuted.

■ The Court finds that the defendant has demonstrated that the Indian courts provide a reasonable alternate forum. As noted by the Eleventh Circuit, the plaintiffs have the burden of production to overcome the presumption of adequacy that an alternative forum enjoys. *Leon,* 251 F.3d at 1312. The plaintiffs have failed to make the requisite initial showing. First, as the defendant points out, the plaintiffs' corruption argument is weak. As one judge noted, generalized allegations of corruption have "not enjoy[ed] a particularly impressive track record" on *forum non conveniens* motions. *Eastman Kodak Co. v. Kavlin,* 978 F.Supp. 1078, 1084 (S.D.Fla. 1997). The plaintiffs provide no specific evidence demonstrating that corruption actually prevents any fair access to the foreign judicial system. Even the plaintiffs' own evidence asserts that corrupt judges are few and far between.

The plaintiffs' argument regarding delays in the Indian court system, however, is not without merit. The defendant's own expert admits that a case in the Madras High Court would last four to ten years, although he emphasizes that parties can file petitions to expedite the process. However, "delays of a few years [are] of no legal significance in the *forum non conveniens* calculus." *Bhatnagar,* 52 F.3d at 1227. As noted above, the Court of Appeals for the Third Circuit in *Bhatnagar* found that delays of 25 years in Indian courts would render India inadequate as a matter of law. That case, however, is distinguishable on two grounds. First, the plaintiffs in *Bhatnagar* provided concrete, statistical evidence from expert witnesses to support their claim. The Third Circuit took pains to distinguish this showing from other cases, such as this one, in which unsuccessful plaintiffs had relied on newspaper articles and anecdotal references. *See id.* at 1230 n. 8. Second, the *Bhatnagar* plaintiffs presented evidence *specific to Calcutta courts,* where the case would have been heard. *Id.* at 1228. The plaintiffs in this case rely simply on generalized complaints about the Indian justice system. Only the defendant provides any showing about the Madras High Court in particular, and its proffered time frame of a four to ten year delay is not unreasonable.

Moreover, to borrow from the reasoning of the Second Circuit, it is anomalous and perhaps disingenuous for Indian businespeople to undertake a construction project in India by means of a contract executed in India that itself provides that Indian law shall be applied in an Indian forum, and then claim that corruption and delay make India an unreasonable judicial forum. *Cf. Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 981 (2d Cir. 1993) (referencing similar complaints about Venezuela). This irony undercuts the sincerity of the plaintiffs' arguments.

■ The private and public interests also favor transfer to India. It is apparent

to this Court that the defendant requires unimpeded access to the construction facilities and building sites in India in order to examine the alleged defective products, facilities and workmanship. *See Stewart*, 865 F.2d at 107 (access to site of injury essential). Although the defendant may be able to make due with photographs, this Court has no power to compel the owner of the construction site, who is not a party to this lawsuit, to allow the defendant and its experts access needed to examine the evidence. The defendant has also demonstrated a need to question the witnesses who may have information about the manufacture and installation of the concrete blocks that plaintiffs allege are defective. Letters rogatory are not available as a discovery option, and only India can provide the required compulsory process. Further, although the defendant is a Michigan corporation, the plaintiffs may enforce any Indian court judgment against the defendant in Michigan. *See* Mich. Comp. Laws § 691.1153.

As for the public interests, although India's courts may be more clogged and perhaps less efficient than their American counterparts, they nonetheless are able to provide a reasonable and fair forum for the adjudication of plaintiffs' complaints. Local interest in this case would seem to be present in both Michigan and India, although given the apparent impact on the local economy, India's interest in the dispute may be greater.

▇▇▇▇ Finally, it is likely that Indian law will govern all of the claims in this case. Plaintiffs first allege various theories arising out of breach of contract. Federal courts apply the choice-of-law rules of the state in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir.2000). Under Michigan's choice-of-law rules, this Court applies the

law of the state (or country) with the most significant relationship to the contract and these claims. *Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 741 (6th Cir.1999). The appropriate state is determined by looking to the following factors: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* (citing *Restatement (Second) of Conflict of Laws* § 188(2) (1971)). These factors all favor India. The parties contracted for work in India, performed it in India, and negotiated it in India and perhaps in Michigan. The parties' domiciles are split between India and Michigan. The balance of factors favors Indian law.

▇▇▇▇ The plaintiffs also allege negligence. For tort claims, Michigan presumes that the law of the forum applies unless there is a rational reason to displace it with the law of another location. *Isley v. Capuchin Province*, 878 F.Supp. 1021, 1023 (E.D.Mich.1995). However, Michigan courts often perform a form of interest analysis, with the respective interests evaluated in accordance with Section 145 of the *Restatement (Second) of Conflicts of Law. Id.* at 1024 n. 3. Those interests are (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil[e], residence, nationality, place of the incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. *Id.* These factors also favor India: the injury occurred in India; the alleged wrongful conduct seems to have occurred in both the United States and India; the parties' domiciles again are split along party lines in India and Michigan. However, as evidenced by the joint venture agreement

executed and implemented through a new corporation in India, the relationship between the parties also is centered in India.

Since the Court will be applying the law of India, and because applying the law of another country is quite different from applying the law of another state, this factor also weighs in favor of transfer.

### III.

■ The Court finds that the defendant has met its burden of establishing that there is a reasonable alternate forum available and that the balance of private and public interests favors transfer. All of the relevant events in this case occurred in India. The contract was made there and was intended to be performed there as well. The plaintiffs are residents of that forum. India furnishes a reasonable alternate forum that will provide both parties with more complete compulsory access to the evidence and witnesses that they need. Although there is a weak presumption in favor of the current forum for foreign plaintiffs, that presumption, by itself, cannot overcome the great weight of the public and private interests that favors India.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss based on *forum non conveniens* [dkt #6] is **GRANTED,** and the plaintiffs' complaint is **DISMISSED** without prejudice.