R. GUY COLE, JR., Circuit Judge,
dissenting.
I believe that the majority incorrectly applies the clear abuse-of-discretion standard of review and does not properly follow the Supreme Court’s and our precedent in forum non conveniens cases. Therefore, I respectfully dissent.
I. Standard of Review
While the majority opinion acknowledges that we review a district court’s forum non conveniens determination for abuse of discretion, it then proceeds, in my view, to engage in a de 'novo review. I believe that, while the majority acknowledges the proper standard of review, they have “lost sight of this rule,” and improperly “substituted [their] own judgment for that of the District Court.” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
In Piper, the Supreme Court held that “[t]he forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.” Id. (emphasis added). Accordingly, we review forum non conveniens cases for clear abuse of discretion. Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 616 (6th Cir.1984) (citing Piper, 454 U.S. at 257, 102 S.Ct. 252; Roster v. (American) Lumbermens Mut. Cas. Co., 330 U.S. 518, 531, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511-12, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). See also Stewart v. Dow Chem. Co., 865 F.2d 103, 105 (6th Cir.1989) (citing Rryvicky v. Scandinavian Airlines Sys., 807 F.2d 514, 516 (6th Cir.1986); Dowling v. Richardson-Merrell Dow Pharm., Inc., 727 F.2d 608, 612 (6th Cir.1984)). Our role is merely supervisory; we are not to “substitute[ ][our] own judgment for that of the District Court.” Piper, 454 U.S. at 257, 102 S.Ct. 252. Therefore, a “district court is accorded substantial flexibility in evaluating a forum non conveniens motion.” Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (citing Piper, 454 U.S. at 249, 102 S.Ct. 252). Under our precedent, “[a] district court abuses its discretion ‘when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.’ ” United States v. Lineback, 330 F.3d 441, 443 (6th Cir.2003) (quoting United States v. Spikes, 158 F.3d 913, 927 (6th Cir.1998)).
In forum non conveniens cases, the decision-making is committed “to the discretion of the district courts” to balance “ ‘all relevant public and private interest factors’ and to balance those factors reasonably.” United States v. Taylor, 487 U.S. 326, 336, *883 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (quoting Piper, 454 U.S. at 257, 102 S.Ct. 252). Forum non conveniens cases tend to turn on their facts. Van Cauwenberghe, 486 U.S. at 529, 108 S.Ct. 1945 (citing Williams v. Green Bay & Western R. Co., 326 U.S. 549, 557, 66 S.Ct. 284, 90 L.Ed. 311 (1946)). See also id. (“[T]he issues that arise in forum non conveniens determinations will substantially overlap factual and legal issues of the underlying dispute.”); Dowling, 727 F.2d at 616 (in forum non conveniens cases “[t]he factual setting in each case prescribes” the course of action for the district court). Insofar as the determination of the district court relies on factual findings, we accord the district court “substantial deference” and will only reverse for “clear error.” Id. at 337, 108 S.Ct. 2413 (citing Anderson v. Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). When the relevant factors “are properly considered, and supporting factual findings are not clearly in error, the district court’s judgment of how opposing considerations balance should not lightly be disturbed.” Id.
II. The Deference Due to a Domestic Plaintiffs Choice of Forum
The majority cites to Roster for the proposition that, unless a defendant can “establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiffs convenience,” Roster 330 U.S. at 525, 67 S.Ct. 828, a case cannot be dismissed on forum non conve-niens grounds. I believe that the majority’s reliance on Roster in cases involving a domestic plaintiff does not give proper deference to Piper and its progeny in this circuit. In doing so, the majority misconstrues the amount of deference due to a domestic plaintiff.
In Piper, the Supreme Court determined that “[a] citizen’s forum choice should not be given dispositive weight ....” Piper, 454 U.S. at 258,102 S.Ct. 252. “Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.” Id. (emphasis added). In discussing the heightened deference due to a domestic plaintiff, the Piper Court ignored Roster’s language requiring a finding of oppressiveness and vexatiousness, and instead only cites Roster for the proposition that “a plaintiffs choice of forum is entitled to greater deference when the plaintiff has chosen the home forum.” Id. at 255 (citing Roster, 330 U.S. at 524, 67 S.Ct. 828). See also id. at n. 23 (“In Roster, we stated that ‘[in] any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.’ ” (quoting Roster, 330 U.S. at 524, 67 S.Ct. 828)).
Interestingly, so-called Roster deference arose in a legal landscape that is no longer applicable. In Roster, federal jurisdiction was diversity-based and both the plaintiff and the defendant were United States citizens. Roster, 330 U.S. at 520, 67 S.Ct. 828. Roster, therefore, did not involve an analysis of the degree of deference that was due to a domestic plaintiffs choice of forum when suing a foreign defendant; Roster, involved what level of deference was due to all plaintiffs when choosing a forum. In today’s climate, the doctrine of forum non conveniens is only applicable in situations involving foreign plaintiffs insofar as domestic forum non conveniens has been replaced with a statute. See 28 U.S.C. § 1404(a) (“[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer, any civil action to any other district or division *884 where it might have been brought.”); Piper, 454 U.S. at 253, 102 S.Ct. 252 (Section 1404(a) replaced common-law forum non conveniens for cases involving only domestic parties).
In accordance with Piper, this Court has reaffirmed that “the ‘central focus of the ... inquiry is convenience .... ’ Thus, there is no requirement in Piper ... that the burden be ‘oppressive,’ ... Such a high standard would constitute a misreading of Piper and its progeny.” Stewart, 865 F.2d at 106 (citing Piper, 454 U.S. at 249, 102 S.Ct. 252). Further, this Court had previously followed Piper and rejected a requirement that a district court find oppressiveness or vexation to a defendant. Kryvicky v. Scandinavian Airlines Sys., 807 F.2d 514, 517 (6th Cir.1986). While we held that greater deference is due to a domestic plaintiff, we likewise held that when a district court accords a domestic plaintiffs choice of forum “due deference” and balances the relevant factors, the court has not abused its discretion. Id. Contrary to the majority’s assertion, it was not central to Kryvicky’s holding that the plaintiff had less-than-substantial ties with the chosen forum — Kryvicky stands for the proposition that the ultimate decision is vested in the discretion of the district court.
Further, unlike the majority, I believe that Kryvicky and Stewart cannot be read so as to require a district court to find oppressiveness and vexation to a defendant, but not to require a technical recitation of those words. Kryvicky and Stewart are clear in their requirement that a “high standard would constitute a misreading of Piper and its progeny.” Stewart, 865 F.2d at 106. See also Iragorri, Etc. v. Int’l Elevator, Inc., 203 F.3d 8, 15 (1st Cir.2000) (“a [foreign] defendant’s right to obtain dismissal on forum non conveniens grounds hinges on whether it can show that considerations of convenience and judicial efficiency strongly favor the proposed alternative forum.... the ‘strongly favors ’ language has deep roots in Supreme Court precedent ... and the [Supreme] Court’s subsequent mentions of the Koster dictum lend no support that the dictum somehow supplanted the ‘strongly favors ’ test.” (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Norwood v. Kirkpatrick, 349 U.S. 29, 35, 75 S.Ct. 544, 99 L.Ed. 789 (1955)) (emphasis added)).
I further believe that, along with Stewart and Kryvicky, we should follow Piper ’s mandate that a district court give a domestic plaintiff “greater deference,” but “if the balance of conveniences” — a balance that “is committed to the sound discretion of the trial court” — “suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court,” then we should not disturb a dismissal on forum non conveniens grounds. Piper, 454 U.S. at 256-57, 102 S.Ct. 252. There is no requirement in our caselaw that the district court make a finding, either explicitly or implicitly, that the burden on the defendant must rise to an oppressive and vexatious level before forum non conveniens dismissal is proper.
III. The District Court’s Opinion
Contrary to the majority’s assertion, the district court did indicate that it was giving greater deference to the domestic plaintiffs choice of forum. See Maj. Op at 874 (“In this case, the district court never indicated that it was giving heightened deference by virtue of the U.S. status of plaintiff.”). See also id. at 875 (“The district court’s balancing does not appear, either by its terms or in its application on the record before us, to have accorded the heightened deference legally required ... ”). First, the district court properly cited to Piper and articulated its position *885 on the greater deference due to the domestic plaintiffs choice of forum:
The defendants’ motions based on forum non conveniens present the question whether an American employee of an international corporation who is fired while on temporary assignment to a foreign country must litigate his wrongful termination claims in that foreign country when some of the witnesses who may have evidence of the employee’s job performance are located there. The plaintiffs choice of forum in such circumstances “should rarely be disturbed” absent a strong shoioing by a defendant supporting transfer or dismissal. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Nonetheless, dismissal is not “automatically barred” when a plaintiff brings suit in his home forum; rather, the couH should give deference to the plaintijfs choice and dismiss only when “the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court.” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
Duha v. Agrium, Inc., 340 F.Supp.2d 787, 792-93 (E.D.Mich.2004) (emphasis added). Nothing else in the district court’s opinion leads me to the conclusion that the district court failed to give the domestic plaintiffs choice of forum heightened deference.
The district court then correctly identified the relevant law in determining whether a forum non conveniens dismissal was proper:
As this Court has previously observed, “an action may be dismissed on the basis of forum non conveniens if the defendant demonstrates that (1) there is a reasonable alternative forum available and (2) the balance of private and public interests favors transfer.” Ramakrishna v. Besser Co., 172 F.Supp.2d 926, 929 (E.D.Mich.2001) (citing Stewart v. Dow Chemical Co., 865 F.2d 103, 106 (6th Cir.1989)). The defendant bears the burden of persuading the Court on both elements.
Duha, 340 F.Supp.2d at 793. After finding that a reasonable alternative forum existed,[1] the district court correctly identified the private factors it had to weigh:
When balancing the relative merits of the alternate forum against the plaintiffs chosen forum, courts generally consider the following private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of witnesses; (3) the possible need to view the premises; and (4) all other practical problems that make a trial more convenient and less expensive. Ramakrishna, 172 F.Supp.2d at 930 (citing Gulf Oil Co., 330 U.S. at 508-09, 67 S.Ct. 839; Kryvicky, 807 F.2d at 516).
Id. at 794. The district court also correctly identified the public factors it had to weigh:
In a forum non conveniens motion, “the public interests that must be balanced include any administrative difficulties of courts with clogged dockets; the burden of jury duty on people of a community having no connection with the litigation; the desirability of holding a trial near those most affected by it; and the appropriateness of holding a trial in a diversity case under a foreign state’s law.” Ramakrishna, 172 F.Supp.2d at 930 (cit *886 ing Gulf Oil Co., 330 U.S. at 508-09, 67 S.Ct. 839; Kryvicky, 807 F.2d at 516).
Id. at 799.
Nothing in the district court’s opinion suggests that the district court clearly-abused its discretion in balancing the relevant factors. See id. at 793-94 (discussing availability of a “Reasonable Alternate Forum”); id at 794-96 (discussing private factor of “Relative Ease of Access to Sources of Proof’); id. at 796-97 (discussing private factor of “Availability of Compulsory Process for Attendance of Witnesses”); id. at 797-99 (discussing private factor of “Other Problems That Make Trial Less Convenient and More Expensive” which included a discussion of document discovery, Plaintiffs familiarity with Argentina’s legal system, the size and resources of the parties, and the hardship to the parties); id. at 799-802 (discussing “Public Interests” factors which included a discussion of “Local Burdens,” “Desirability of Holding a Trial Near Those Most Affected By It,” and “Appropriateness of Holding a Trial in a Diversity Case in a Court Which is Familiar with the Governing Law”). The district court accorded the proper deference to the plaintiffs choice of forum, weighed the relevant information, determined that the majority of the plaintiffs complaint revolved around conduct in Argentina, with documents and witnesses in Argentina, and with Argentinian courts capable of adjudicating the complaint.
While the majority, relying entirely on out-of-circuit caselaw, disagrees with the district court’s analysis of these factors, our burden is clear: we should not revisit the district court’s determinations and substitute our judgment and factual determinations for those of the district court. Piper, 454 U.S. at 257, 102 S.Ct. 252. We are required to find a “clear abuse of discretion,” which, on these facts, I cannot do.
IV. The Dismissal of Plaintiffs Domestic Claims
I also do not believe that the district court abused its discretion in dismissing the entirety of plaintiffs complaint while only discussing forum non conveniens as to part of the complaint. The district court said that it was:
mindful that a minor portion of the plaintiffs second amended complaint contains allegations that defendants other than Agroservicios interfered with the plaintiffs business opportunities after he returned from Argentina, and Argentina may not be an appropriate forum for those claims. However, the plaintiff may sever those claims and file them in an appropriate American forum, although likely not in Michigan, if he chooses.
Duha, 340 F.Supp.2d at 801. I have found no requirement that a district court, when faced with a motion on forum non conve-niens grounds, either dismiss the entire complaint on forum non conveniens grounds or none of it. Here, the district court, exercising its discretion, determined that the majority of the complaint revolved around conduct and witnesses located in Argentina. The district court left it up to the plaintiff whether or not to re-file his severable causes of action and where to refile them.
Under 28 U.S.C. § 1404(a), a district court has discretion to transfer cases to other judicial districts “in the interest of justice.” The deference given to a district court under § 1404(a) is even greater than what we give under forum non conveniens review. See Piper, 454 U.S. at 253, 102 S.Ct. 252 (“District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens.” (citing Norwood, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789)). The district court would not have erred if it *887 chose to transfer the severed portions of plaintiffs complaint. Likewise, the district court, in allowing the plaintiff to re-file the severed claims was dismissing without prejudice. Therefore, I cannot find, applying the required high level of deference, that the district court abused its discretion.
V. Conclusion
I believe that Piper, and our subsequent precedent, stand for the proposition that domestic plaintiffs are due greater deference in choosing a forum, but that a domestic plaintiffs choice of forum is not dispositive. There is no requirement that this greater deference require a finding that not to transfer would oppress or be vexatious to the foreign defendant.
Further, and perhaps more importantly, fomm non conveniens cases require us, as a reviewing court, only to reverse a dismissal if the district court dearly abused its discretion. The district judge is closer to the facts of a case and a forum non conveniens dismissal is, necessarily, a factually intense inquiry. It is not our role to substitute our judgment for that of the district court.
Because I believe that the majority fails to give proper deference to the Supreme Court’s and our precedent, and improperly substitutes its judgment for that of the district court, I respectfully dissent.

. I agree with the majority that the Argentine courts are “an available and adequate alternative forum.” Maj. Op at 886.